ORDER
ROBERT N. CLINTON, Associate Justice.
[1] This matter was set for a status hearing on November 18, 2011. Immediately before that hearing this Court received both a Motion to Continue the November 18, 2011 hearing filed by the Respondents/Defendants and a Petition for Writ of Prohibition filed by Petitioners/Plaintiffs.
[2] The hearing set for November 18, 2011 was the second continuation of a status hearing on the question of whether to continue in force the prior temporary injunction issued by this Court on August 4, 2011 pending final resolution of the case in the Tribal Court. Since the question of whether to continue in force that temporary injunction has never been fully addressed by the parties or by this Court, this Court grants the request of the Respondents/Defendants to cancel the November 18, 2011 status hearing but orders each side to separately and simultaneously file with this Court fourteen (14) days from the date of this Order a report that (1) fully describes the status of the proceedings of this matter in the Tribal Court and (2) addresses the question of whether in light of the status of the proceedings in the Tribal Court there remains any continuing necessity of retaining in force the temporary injunction issued by this Court on August 4, 2011. Pending receipt and review of these reports, the injunction will remain in full force and effect until further order of this Court. The Court anticipates ruling on the continued force of that injunction based solely on the reports filed by the parties in response to this Order and without further hearing.
[3] The separate Petition for Writ of Prohibition filed by the Petitioners/Plaintiffs is addressed to preventing an audit of Tribal funds granted to the Village of Mishongnovi based solely on the claim that the sovereign status of the Village of Mish-ongnovi precludes such an audit. Just as *2 the federal government has a right to and regularly exercises the authority to audit the use of federal funds by state and tribal governments despite their sovereign status, this Court is aware of no principle of law and none has been cited to it that would preclude the Hopi Tribe from auditing the use of Hopi tribal funds by any of the sovereign villages that comprise the Hopi Tribe. The Tribal Court so held and this Court finds no error in that ruling. Such an audit, of course, must be limited to funds derived from Tribal, rather than separate Village, sources, but the Petition does not claim that the Tribe seeks to audit the use of any funds other than those appropriated to the Villages by the Tribe. For this reason, the discretionary Petition for Writ of Mandamus must be and hereby is denied.